**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Charles D. Keaton,**
**Claimant Below, Petitioner**

**vs.)** **No. 22-0060** (BOR Appeal No. 2057390)
    (Claim No. 2019020736)

**West Virginia Office of**
**Insurance Commissioner,**
**Commissioner Below, Respondent**

**and**

**Armco, Inc.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**


Petitioner Charles D. Keaton appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent West Virginia Office of the Insurance Commissioner filed a timely response.[1] Respondent Armco, Inc. did not file a response.[2] The issue on appeal is permanent partial disability. Petitioner argues that he should be granted a 25% permanent partial disability award for occupational pneumoconiosis. The claims administrator denied a permanent partial disability award for occupational pneumoconiosis on October 30, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its September 23, 2021, order. The Order was affirmed by the Board of Review on January 3, 2022. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

The Employees' Report of Occupational Pneumoconiosis was completed on January 15, 2019, and indicates that petitioner was exposed to various types of dust while working for a total of twenty-one years. A pulmonary function test, conducted on that same date, yielded valid and reproducible spirometry data and showed petitioner as having 25% pulmonary impairment.

---

[1]Petitioner is represented by Reginald D. Henry, and respondent is represented by Sean Harter.

[2]According to the Employees' Report of Occupational Pneumoconiosis, Armco, Inc. was petitioner's most recent employer.

However, an x-ray examination of petitioner's chest, also dated January 15, 2019, and interpreted by Afzal Ahmed, M.D., reflected that petitioner had neither pleural nor parenchymal changes consistent with occupational pneumoconiosis.

The Physicians' Report of Occupational Pneumoconiosis was completed by A. Mirza, M.D., on February 26, 2019. Dr. Mirza diagnosed petitioner with occupational pneumoconiosis but wrote "unknown" for the amount of time petitioner had been suffering from the disease. Dr. Mirza noted that petitioner's breathing was normal and that his lungs were clear. On May 23, 2019, the claims administrator held the claim compensable on a non-medical basis subject to the presumption that any chronic respiratory disability petitioner had was a result of occupational exposure.

The Occupational Pneumoconiosis Board concluded on September 5, 2019, that a diagnosis of occupational pneumoconiosis could not be made. It was noted that petitioner's date of last exposure was November 9, 1990, when he ceased employment due to a back injury, and that he was diagnosed with chronic obstructive pulmonary disease in 2004. Petitioner also had a history of coronary disease with a stent placement occurring in 2019. A forty-year history of smoking a third of a pack of cigarettes per day was recorded based upon petitioner's report. On examination, harsh breath sounds were heard bilaterally. There were no rales or wheezing. No exercise was performed because of petitioner's back injury and coronary disease. A pulmonary function test produced valid and reproducible results and showed a 15% pulmonary impairment. However, an x-ray examination of petitioner's chest reflected that petitioner had neither pleural nor parenchymal changes sufficient to establish a diagnosis of occupational pneumoconiosis. On October 30, 2019, the claims administrator denied an award for occupational pneumoconiosis.

In an October 14, 2020, hearing before the Office of Judges, the Occupational Pneumoconiosis Board testified that it previously found no evidence of occupational pneumoconiosis. John A. Willis, M.D., a member of the Occupational Pneumoconiosis Board, testified that the x-ray film obtained on September 5, 2019, was not consistent with occupational pneumoconiosis but showed mild hyperinflation with chronic obstructive pulmonary disease. Dr. Willis stated that chronic obstructive pulmonary disease includes emphysema and chronic bronchitis and is typically associated with cigarette smoking.

Jack L. Kinder, M.D., the Occupational Pneumoconiosis Board's chairman, agreed with Dr. Willis's interpretation of the x-ray film. Dr. Kinder further testified that the pulmonary function tests from January 15, 2019, and September 5, 2019, each yielded valid and reproducible results. Dr. Kinder noted that the January 15, 2019, pulmonary function test showed 25% pulmonary impairment and that the September 5, 2019, pulmonary function test reflected 15% pulmonary impairment. Dr. Kinder testified that while it was a "close call," the January 15, 2019, pulmonary function test constituted the "best study of record." On the other hand, Dr. Kinder opined that petitioner's "true [pulmonary] impairment would lie somewhere in between those 2 studies." Dr. Kinder further noted petitioner had his last exposure to occupational dust in November 1990 and continued to smoke cigarettes as of September 5, 2019, and that the x-ray film was consistent with chronic obstructive pulmonary disease instead of occupational pneumoconiosis. Therefore, Dr. Kinder stated that the presumption of occupational pneumoconiosis was rebutted in this case as

petitioner's bronchospastic disease was not related to his occupation. Mallinath Kayi, M.D., the third member of the Occupational Pneumoconiosis Board, agreed with his colleagues that there was no evidence of occupational pneumoconiosis.

In a subsequent hearing before the Office of Judges on July 28, 2021, the Occupational Pneumoconiosis Board reaffirmed its findings that the evidence did not support a diagnosis of occupational pneumoconiosis. Dr. Willis testified that Dr. Ahmed's interpretation of the January 15, 2019, x-ray film as negative for occupational pneumoconiosis was consistent with his own reading of that film. Dr. Kinder agreed with Dr. Willis's testimony regarding the January 15, 2019, x-ray film. Dr. Kinder stated that any pulmonary impairment petitioner had was attributable to nonoccupational factors such as his cigarette smoking. Bradley Henry, M.D., the fourth member of the Occupational Pneumoconiosis Board, concurred with the findings of Drs. Willis and Kinder that petitioner did not have occupational pneumoconiosis.

The Office of Judges affirmed the claims administrator's decision denying petitioner an award for occupational pneumoconiosis on September 23, 2021. The Office of Judges concluded that based on a preponderance of the evidence of record, the decision of the Occupational Pneumoconiosis Board was not clearly wrong. Petitioner was not exposed to occupational dust hazards since 1990. Petitioner has chronic obstructive pulmonary disease, which is often associated with cigarette-smoking. Petitioner had a forty-year history of smoking cigarettes. The Occupational Pneumoconiosis Board saw no x-ray evidence of occupational pneumoconiosis, and the statutory presumption was rebutted. Therefore, the Office of Judges affirmed the claims administrator's decision. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 3, 2022.[3]

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

"Pursuant to W. Va. Code § 23-4-1g(a) (2003) (Repl. Vol. 2010), a claimant in a workers' compensation case must prove his or her claim for benefits by a preponderance of the evidence." Syl. Pt. 2, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016). West Virginia Code § 23-4-6a, provides that the Office of Judges "shall affirm the decision of the occupational pneumoconiosis board made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." Petitioner argues that the Office of Judges improperly disregarded Dr. Mirza's diagnosis of occupational pneumoconiosis. However, Dr. Mirza was the only physician to make such a diagnosis. Both Dr. Ahmed and the

---

[3]The Board of Review clarified and modified certain findings of fact of the Office of Judges to correct minor errors not relevant to the issue on appeal.

Occupational Pneumoconiosis Board interpreted x-ray films of petitioner's chest as showing no evidence of occupational pneumoconiosis. While valid and reproducible testing showed that petitioner had pulmonary impairment, the Occupational Pneumoconiosis Board attributed that pulmonary impairment to his lengthy and continuing habit of smoking cigarettes. Accordingly, we conclude that petitioner failed to present sufficient evidence to show that the Office of Judges, and by extension the Board of Review, erred in affirming the claims administrator's denial of an award for occupational pneumoconiosis.

Affirmed.

**ISSUED: September 14, 2023**


**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn